IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00163-CV

 

Katherine Henry, Carolyn 

Stone and Randy Rice,

                                                                      Appellants

v.

 

Estate of Philip Anthony 

Bonifazi, Deceased,

                                                                      Appellee

And

 

No. 10-06-00164-CV

 

KATHERINE HENRY, CAROLYN

STONE AND RANDY RICE,

                                                                        Appellants

v.

 

ESTATE OF ANGELA BONIFAZI, DECEASED,

                                                                        Appellee

 

 



From the County Court at Law No.
1

Brazos County, Texas

Trial Court Nos. 12,009-PC-A
and 12,009-PC-B

 



ORDER APPOINTING MEDIATOR










 

          On, August 30, 2006, these cases were
abated and referred to mediation.

          The Court has not been advised that
the parties have agreed upon a mediator.  Therefore, the Court assigns R.D.
“Spike” Pattillo, III as mediator for these cases.  The telephone number for
Mr. Pattillo is (254) 741-6410.  Mediation must occur within thirty days after
the date of the order assigning a mediator.

      Before the first scheduled mediation
session, each party must provide the mediator and all other parties with an
information sheet setting forth the party’s positions about the issues that need
to be resolved.  At or before the first session, all parties must produce all
information necessary for the mediator to understand the issues presented.  The
mediator may require any party to supplement the information required by this
Order.

      Named parties must be present during the
entire mediation process, and each corporate party must be represented by a
corporate employee, officer, or agent with authority to bind the corporate
party to settlement.

      Immediately after mediation, the mediator
must advise this Court, in writing, only that the cases did or did not settle
and the amount of the mediator’s fee paid by each party.  The mediator’s fees
will be taxed as costs.  Unless the mediator agrees to mediate without fee, the
mediator must negotiate a reasonable fee with the parties, and the parties must
each pay one-half of the agreed-upon fee directly to the mediator.

      Failure or refusal to attend the mediation
as scheduled may result in the imposition of sanctions, as permitted by law.  

 

                                                                   PER
CURIAM

Before
Chief Justice Gray,

          Justice
Vance, and

          Justice
Reyna

Mediator
assigned

Order
issued and filed October 11, 2006

Do
not publish






to this wife who's home taking care of your baby. 
Right?
A. Yes, sir.
Q. Do you know Tosha Yolanda Hicks?
A. Yes, sir, I do.
Q. Another girl friend, isn't she? 
A. Yes.
Q. While your wife was home taking care of the baby.
A. Yes, sir.
[DEFENSE]: Your Honor, we're going to object to the relevancy of this line of
questioning. 
THE COURT: Sustained.
[DEFENSE]: Ask for an instruction.
THE COURT: I instruct the jury, you'll disregard the last statement of counsel for
any purpose whatsoever. 
[DEFENSE]: Your Honor, I ask for a mistrial.
THE COURT: Overruled. 
No objections were made to the questions concerning Cynthia Nowlin, and Appellant's objection
to questions concerning Tosha Hicks was not timely. A failure to object at the earliest opportunity
waives any alleged error. Thompson v. State, 691 S.W.2d 627, 635 (Tex. Crim. App. 1984),
cert. denied, 474 U.S. 865 (1985); Montelongo v. State, 681 S.W.2d 47, 57 (Tex. Crim. App.
1984). We overrule point three.
          The judgment is affirmed. 
 
                                                                                  BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings and
          Justice Vance
Affirmed
Opinion delivered and filed June 6, 1991
Do not publish